UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

    v.                                    Civil No. 11-cv-361-JD
                                        Opinion No. 2012 DNH 098

<u>$12,600.00 in U.S. Currency, More or Less</u>


<u>O R D E R</u>

    This case is a civil in rem forfeiture proceeding, brought pursuant to 21 U.S.C. § 981, against currency that the government contends was found during a search of Daryl Singleterry's apartment in Portsmouth, New Hampshire.  Attorney Simon R. Brown who was appointed under the Criminal Justice Act to represent Singleterry in the related criminal case, <u>United States v. Daryl Singleterry</u>, 11-cr-110-JD, moves to be appointed to represent Singleterry here.[1]  The government objects, arguing that Singleterry lacks standing to file a claim in the forfeiture proceeding and, therefore, does not qualify for appointed counsel.

---

    [1]While Singleterry was represented by the Federal Public Defender in the criminal proceeding, he was also represented by the same counsel in the forfeiture proceeding.  The Federal Public Defender withdrew in the criminal proceeding on February 23, 2012, and Brown was appointed on March 5, 2012.

The rules for civil forfeiture provide that "[i]f a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding . . . is financially unable to obtain representation by counsel, and the person is represented by counsel appointed under section 3006A of this title in connection with a related criminal case, the court may authorize counsel to represent that person with respect to the claim."  18 U.S.C. § 983(b)(1)(A).  The court is directed to consider the person's standing to contest forfeiture and whether his claim is made in good faith.  § 983(b)(1)(B).  In addition, the Criminal Justice Act provides that "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings . . . , including ancillary matters appropriate to the proceedings . . . ."  18 U.S.C. § 3006A(c).  Ancillary matters are interpreted to include civil forfeiture proceedings.  See Vol. 7A Guide to Judiciary Policy § 210.20.30(c)(5).[2]

The government contends that Singleterry cannot file a claim for the currency that is at issue in this proceeding without

---

[2] "'The Guide codifies promulgations of both the Judicial Conference of the United States and the Director of the Administrative Office.  Part A, Chapter 2, of Volume 7 of the Guide, promulgated by the Judicial Conference of the United States, addresses eligibility for CJA representation.'"  United States v. Flores, 2012 WL 1463603, at *5 n.7 (M.D.N.C. Apr. 27, 2012) (quoting United States v. Duran-Moreno, 638 F. Supp. 2d 1302, 1304 (D.N.M. 2009)).

infringing his Fifth Amendment right not to incriminate himself in the criminal charges against him.  See § 983(a)(2)(C); Rule G(5) Supplemental Rules for Certain Admiralty and Maritime Claims; United States v. $23,000 in U.S. Currency, 356 F.3d 157, 161-62 (1st Cir. 2004); see also United States v. $133,420 in U.S. Currency, 672 F.3d 629, 641-42 (discussing interplay between Rule G and Fifth Amendment rights).  As a result, the government argues, Singleterry lacks standing in this case and does not qualify for appointed counsel pursuant to § 983(b)(1)(A).  Brown, on behalf of Singleterry, argues that because of the Fifth Amendment issue, the deadline for filing a claim should be extended until after the criminal matters are resolved.

The civil forfeiture statute provides:

> Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that - -
> (A) the claimant is the subject of a related criminal investigation or case;
> (B) the clamant has standing to assert a claim in the civil forfeiture proceeding: and
> (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

§ 981(g)(2).  In addition, the court is directed to accommodate claimants' Fifth Amendment rights in civil forfeiture proceedings.  United States v. Parcels of Land, 903 F.2d 36, 44 (1st Cir. 1990).  The means of accommodation, however, are left

3

to the court's discretion.  Id.; see also United States v. A Certain Parcel of Land, Moultonboro, 781 F. Supp. 830, 834-35 (D.N.H. 1992).

The potential Fifth Amendment issue in this proceeding is undisputed.  The deadline for filing a claim in this case has been extended several times to accommodate that issue.  To avoid repetitive motions and the potential for inadvertently missing a deadline, it is appropriate to extend the deadline for filing a claim to thirty days after the criminal charges against Singleterry in United States v. Daryl Singleterry, 11-cr-110-JD, are resolved.  The issue of appointed counsel can be addressed at that time.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 7, 2012

cc: Simon R. Brown, Esquire
    Robert J. Rabuck, Esquire

4